UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TERRY RAY MCDOWELL,
   Plaintiff,

vs.  No. 05-1312

JEFF HEFFREN, et.al.,
   Defendants

## MERIT REVIEW AND CASE MANAGEMENT ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The pro se plaintiff participated in the merit review by video conferencing.

The plaintiff, Terry Ray McDowell, has filed his lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Illinois River Correctional Center. The plaintiff has named ten defendants including Correctional Officers Jeff Heffren and C. Whitlock; Adjustment Committee Members Bruce Fisher and Charlotte Gordon; Bakery Instructor Jody Reed; Assistant Wardens Jerry Bohler and Richard Birkey; Bakery Superintendent John Dudek, Grievance Officer Julie Bohler and Illinois Department of Corrections Director Roger Walker.

The court reviewed the plaintiffs complaint and identified the following claims with the plaintiff:

1) FIRST AMENDMENT, EQUAL PROTECTION. The plaintiff says the defendants violated his right to the free exercise of his religion when Defendant Heffren wrote a disciplinary ticket against the plaintiff for performing a religious prayer on March 8, 2004 while working in the bakery. The plaintiff says he had been allowed to perform the prayer numerous times before the ticket was issued. The plaintiff says the disciplinary ticket also violated his equal protection rights because members of other religious groups are allowed to pray.

2) DUE PROCESS. The plaintiff states that Defendants Gordon and Fisher violated his due process rights during the hearing on the disciplinary ticket.

3) FIRST AMENDMENT. The plaintiff says defendant Heffren retaliated for the plaintiff's grievances concerning the prayer disciplinary ticket by writing a false disciplinary ticket on May 17, 2004.

1

4) FIRST AMENDMENT, EQUAL PROTECTION. The plaintiff says Defendant Whitlock took a religious audio tape away form him because it had metal screws in it. The plaintiff says Christian inmates were allowed similar tapes.

5) CONSPIRACY. The plaintiff says the defendants conspired to deprive him of his constitutional rights in violation of §1983, §1985 and §1986.

§§

The plaintiff says Defendants Walker, Jerry and Judy Bohler, Dudek, Birkey and Reed are named because they upheld the actions of the other defendants without intervening, and engaged in the conspiracy.

The plaintiff does not state whether he is suing the defendants in their individual or official capacities. The court finds that the plaintiff has stated claims against the defendants in their individual capacities only.

The court notes that the complaint identifys the plaintiff as "Terry Ray X aka Terry McDowell" (Comp, p. 1). The plaintiff was asked what name he is recognized by at the Illinois Department of Corrections. The plaintiff stated Terry Ray McDowell. The clerk of the court will be instructed to change the docket to this name to insure that any court filings reach the plaintiff.

**IT IS THEREFORE ORDERED that:**

**1) The clerk of the court is directed to change the docket to reflect that the plaintiff's name is Terry Ray McDowell and all mailings are sent to him with this name within the Illinois Department of Corrections.**

**2) The court finds that the plaintiff has adequate alleged the following claims against the defendants in their individual capacities:**

**a) Defendants violated plaintiff's First Amendment and Equal Protection rights when the plaintiff received a disciplinary ticket for performing a religious prayer.
b) Defendants Gordon and Fisher violated the plaintiff's due process rights during a hearing on the disciplinary ticket for performing a religious prayer.
d) Defendants violated the plaintiffs First Amendment and Equal Protection rights when they took away a religious audio tape.
e) The defendants conspired to deprive the plaintiff of his constitutional rights in violation of §1983, §1985 and §1986.**

**3) This case shall proceed solely on the federal claims identified in paragraph (2) above. Any claims not set forth in paragraph (2) above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A copy of this order shall be served with the Complaint and Scheduling Order.**

**5) The clerk of the court shall provide copies of this order to the U.S. Marshals Office for service upon the defendants when the plaintiff pays the initial partial filing fee and a scheduling order is entered.**

**6) A prepayment order has been entered.** *See* **November 16, 2005 Prepayment Order. The plaintiff must pay an initial partial filing fee of $7.66 on or before December 14, 2005 or his case will be dismissed.**

Enter this 2nd day of December, 2005.

                              s\Harold A. Baker
                        _____
                                HAROLD A. BAKER
                        UNITED STATES DISTRICT JUDGE