UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TERRY RAY MCDOWELL,
   Plaintiff,

vs.                                                           No. 05-1312

JEFF HEFFREN, et.al.,
   Defendants

CASE MANAGEMENT ORDER

      This cause is before the court for merit review of the plaintiff's amended complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      The plaintiff originally filed this case on October 18, 2005 with a proposed complaint. A merit review was conducted based on this complaint on December 2, 2005 and the plaintiff's surviving claims were identified. The plaintiff's complaint was then filed on January 26, 2006. However, it appears the complaint that was filed by the clerk of the court was not the original complaint received on October 18, 2005. Apparently the plaintiff submitted an amended complaint naming new defendants, but did not include a motion for leave to file an amended complaint. The clerk did not note the amended complaint nor the additional defendants and they were not added to the record.

      On June 16, 2006, the plaintiff filed a motion for leave to file an amended complaint without a proposed complaint. The motion was denied. The plaintiff then filed a motion for status of service asking why the new defendants in his January 26, 2006 amended complaint had not been served. The court noted the difference between the complaints and directed the clerk to add the names of the new defendants to the record. The court will now conduct a merit review of the amended complaint to clarify the plaintiff's claims.

      The plaintiff, Terry Ray McDowell, says his amended complaint is filed pursuant to 42 U.S.C. §1983, §1985, §1986 and §1988 alleging that his rights were violated at the Illinois River Correctional Center. The plaintiff also alleges he is suing the defendants pursuant to the "Ku Klux Klan Act" and state law. The plaintiff has named 14 known defendants and one unknown defendant in his amended complaint including Correctional Officers Jeff Heffren and C. Whitlock; Adjustment Committee Members Bruce Fisher, Sherry Benton and Charlotte Gordon; Bakery Instructors Jody Reed and Terry Sutter; Assistant Wardens Jerry Bohler and Richard Birkey; Bakery Superintendent John Dudek, Grievance Officers Julie Bohler, Lois Parrish, and Kevin

Kirkhride; Illinois Department of Corrections Director Roger Walker and an unknown defendant.[1] The allegations in the plaintiff's complaint revolve around three separate incidents.

I.  MARCH 8, 2004 PRAYER AND DISCIPLINARY TICKET.

The plaintiff states that he is a Muslim and is required to pray five times a day during certain times of the day.   The plaintiff says Defendants Sutter, Reed and Dudek were aware of this practice when he first started working in the bakery and they allowed him to pray in the dish room during his work hours. The plaintiff says he did this with no objection for approximately one year.

The plaintiff says on March 8, 2004, Defendant Heffrin wrote a disciplinary report against the plaintiff for insolence and disobeying a direct order based on the plaintiff performing his prayer.  The plaintiff says there was no rule against praying at work and no policy against plaintiff being in the dish room.  The plaintiff says the ticket was written due to his race and religion.

The plaintiff says Defendant Reed terminated the plaintiff from his bakery job on March 9, 2004, before the hearing on the disciplinary ticket.   The plaintiff also believes this decision was based on his race and religion.   The plaintiff says other inmates have received tickets, but were not terminated from their jobs.

The plaintiff says during the disciplinary hearing on March 17, 2004, he appeared before Defendants Fisher and Gordon and was found guilty of disobeying a direct order.  The plaintiff asked to call several witnesses, but says he was only allowed two.   The plaintiff says the two witnesses confirmed that the plaintiff had not committed a rule infraction.  The plaintiff also says that Defendant Fisher conducted the investigation and therefore should not have been allowed to sit on the Adjustment Committee.   The plaintiff says he filed a grievance concerning Fisher's position, but it was denied by Defendants Birkey and Bohler. "The finding of guilt was contrary to prison rules, state law, due process...." (Comp., p. 3)

The plaintiff has attached a copy of the Adjustment Committee Report to his complaint. The only discipline imposed was a one month demotion to "c" grade status.  The plaintiff says this was sufficient to permanently remove him from the bakery job.

The plaintiff alleges that Defendants Heffren, Reed, Sutter and Dudek did not follow prison policy in an attempt to fire him from his job based on his race and religion. (Comp, p. 6)  The plaintiff also alleges that the defendants conspired to deprive him of his due process rights by failing to follow proper procedures during the disciplinary hearing.   The plaintiff also alleges that Defendant Heffren, Sutter, Reed and Dudek violated his due process rights when they deviated from prison policy to terminate the plaintiff from his job. (Comp, p. 8)  Finally, the plaintiff alleges that the disciplinary ticket and his firing violated his equal protection rights. (Comp, p. 8)

While not clearly alleged in the amended complaint, the court finds that the plaintiff has

---

[1]The plaintiff has added Defendants Benton, Kirkbride, Parrish and Sutter in his amended complaint.  All other defendants have been served and are represented by counsel.

adequately alleged that Defendant Heffren violated his First Amendment right to the free exercise of his religion based on the disciplinary ticket the plaintiff received for performing a religious prayer.  The plaintiff has also adequately alleged that Defendants Sutter, Reed and Dudek violated his equal protection rights and conspired to remove the plaintiff from his job based on his race and religion.  The plaintiff has stated his conspiracy claim pursuant to 42 U.S.C. §1983,  §1985 and §1986.

The plaintiff has failed to state a claim upon which relief can be granted that the defendants violated his due process rights or conspired to deprive him of his due process rights.  In his amended complaint, the plaintiff has provided more information about his claim.  The only discipline the plaintiff received for the offense was a one month demotion to "c" grade status.  The plaintiff is not entitled to any due process when there is no question of a protected liberty or property interest.

"To establish a procedural due process violation, a prisoner must demonstrate that the state deprived him of a liberty or property interest created either by state law or the Due Process Clause itself." *DeWalt v. Young*, 224 F.3d 607, 613 (7th Cir. 2000)(citations omitted).  A revocation of good time credits would be a constitutionally protected interest. *Whitlock v. Johnson,* 153 F.3d 380, 385 (7th cir. 1988).   However, a prisoner has no protected liberty interest in remaining in the general population, in maintaining a status grade, or in commissary privileges.  *Thomas v Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997( no protected liberty interest in demotion to C-grade status).  In addition, an inmate does not have a constitutionally protected property or liberty interest in a prison job. *DeWalt,* 224 F.3d at 613. Therefore, the court must dismiss the due process claims against Defendants Fisher, Gordon, Birkey and Bohler.

II.  MAY 17, 2004 DISCIPLINARY TICKET.

On May 17, 2004, the plaintiff received another disciplinary ticket from Defendant Heffren alleging that the plaintiff had entered another inmate's cell and stayed for nearly an hour.  The plaintiff says the ticket was false and he never entered the cell.   The plaintiff says the ticket was written in retaliation for the grievances the plaintiff had filed concerning the previous disciplinary ticket from this officer.

The plaintiff says he had several witnesses that would verify his version of events, but Defendant Fisher denied the witnesses at the hearing on the disciplinary ticket.   Fisher apparently said he made the decision because the "incident was minor." (Comp, p. 5) However, the plaintiff alleges this is not a proper reason to deny witnesses.   The plaintiff also says Fisher was the only officer to sit on the Adjustment Committee and he was found guilty of unauthorized movement. The plaintiff says Defendant Fisher violated his due process rights and Defendants Birkey, Jerry Bohler, Walker and Gordon did not correct the violation

The plaintiff has attached a copy of the Adjustment Committee Report to his complaint.  The report indicates that two officers observed the plaintiff enter the other inmate's cell.  The only discipline imposed was a 14 day commissary restriction.

Again, the plaintiff has failed to state a claim upon which relief can be granted based on his

allegation that any defendant deprived him of due process. *Thomas,* 130 F.3d at 760-62 (7th Cir. 1997( no protected liberty interest in loss of commissary privileges).  The plaintiff has adequately alleged that Defendant Heffren wrote the ticket in retaliation for past grievances in violation of the First Amendment.

III.  NOVEMBER 22, 2003 RELIGIOUS TAPE.

On November 22, 2003, Defendant Whitlock conducted a shakedown of the plaintiff's property and confiscated an Islamic religious tape because it has screws in it.  The plaintiff says there are no rules preventing the possession of tapes with screws.  In addition, the plaintiff states that the very next month, Christian inmates were provided religious tapes that also had screws.  The plaintiff says the confiscation of his tapes was based on his race and religion.  The plaintiff says Defendant Whitlock issued a disciplinary report based on the tape, but a hearing was never held and the tape was never returned.  The plaintiff says he filed a grievance on the issue, but alleges that Defendant Julie Bohler destroyed his grievance and also claims the tape cannot be found.

The plaintiff has attached a grievance officer response from Defendant Parrish.  She states that the grievance logs do not indicate that the plaintiff ever submitted a grievance regarding the tape.  In addition, since no request was made in the required time frame, the property could not be returned.

The plaintiff alleges that Defendants Whitlock, Julie Bohler, Jerry Bohler and Birkey conspired to deprive him of his equal protection rights.

The court finds that the plaintiff has adequately alleged that Defendant Whitlock violated his First Amendment right to the free exercise of his religion based on the confiscation of his religious tape.  For the purposes of notice pleading, the court also finds that the plaintiff has adequately alleged that Defendants Whitlock, Julie Bohler, Jerry Bohler and Birkey violated his equal protection rights based on the confiscation of the religious tape and that these defendants conspired to deny the plaintiff his tape based on his race and religion.

IV.  OTHER DEFENDANTS

The plaintiff alleges that Grievance Officers Sherry Benton, Kevin Kirkbride and Lois Parrish were aware of the due process violations during his disciplinary hearings and failed to take any steps to correct the problem.  (Comp., p. 9) The plaintiff also says two "unknown parties" who were grievance officers in Springfield were also in a position to correct the due process violations and took no action.

The plaintiff has failed to state any claim upon which relief can be granted involving a due process violation.  The court will therefore dismiss these claims and defendants.

V. OTHER CLAIMS

In the initial paragraph of his complaint, the plaintiff alleges that he has stated claims

4

pursuant to the "First, Fifth, Eighth and Fourteenth Amendments.....the State of Illinois....42 U.S.C. Sections 1983, 1985, 1986, 1988, and the Klu Klux Klan Act." (Comp, p. 1)  The court notes that 42 U.S.C. §1988 deals with the possible award of attorney fees.  The "Klu Klux Klan Act" was the predecessor to 42 U.S.C. §1985(3).  In addition, the plaintiff's complaint has failed to state any violation of the Fifth Amendment.

While the plaintiff states that he is suing pursuant to state law, his complaint makes no clear allegations concerning the violation of state law.   Therefore, for clarification of the record, the court declines to exercise supplemental jurisdiction over any intended state law claims. *See* 28 U.S.C. §1367c; *See also City of Chicago v. Intern. College of Surgeons*, 522 U.S. 156 (1997) (stating that pendent jurisdiction is a matter of discretion).

The court notes that while the plaintiff states he is suing the defendants in their individual and official capacities, he has failed to proper allege any official capacity claims.  Suits against state officers in their "official capacity" are suits against the state and thus cannot be brought under Section 1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

Finally, the court notes that it is not clear whether the plaintiff has fully exhausted his administrative remedies for any claim other than his claims pertaining to the March 8, 2004 events.  This is an issue better addressed in a motion for summary judgement.

**IT IS THEREFORE ORDERED that:**

**1) Pursuant to its merit review of the amended complaint, the court finds that the plaintiff has adequate alleged the following claims against the defendants in their individual capacities:**

**a) Defendant Heffren violated the plaintiff's First Amendment right to the free exercise of his religion based on the disciplinary ticket the plaintiff received for performing a religious prayer.**
**b) Defendants Sutter, Reed and Dudek violated the plaintiff's equal protection rights when they fired the plaintiff based on his race and religion.**
**c) Defendants Heffren, Sutter, Reed and Dudek conspired to remove the plaintiff from his job based on his race and religion.**
**d) Defendant Heffren violated the plaintiff's First Amendment rights when he wrote a May 17, 2004, disciplinary ticket against the plaintiff in retaliation for previous grievance against the defendant**.
**e) Defendant Whitlock violated the plaintiff's First Amendment right to the free exercise of his religion based on the confiscation of his religious tape**.
**f)  Defendants Whitlock, Julie Bohler, Jerry Bohler and Birkey violated the plaintiff's equal protection rights based on the confiscation of his religious tape.**
**g)  Defendants Whitlock, Julie Bohler, Jerry Bohler and Birkey conspired to deny the plaintiff his tape based on his race and religion.**

**2) This case shall proceed solely on the seven federal claims identified in paragraph (1)**

above.  The court declines to exercise supplemental jurisdiction over any intended state law claim. *See* 28 U.S.C. §1367c. Any claims not set forth in paragraph (1) above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.  The clerk of the court will also dismiss any defendants not set forth in paragraph (1) above including: Bruce Fisher, Charlotte Gordon, Roger Walker, Sherry Benton, Kevin Kirkbride, Lois Parrish and the unknown defendants.

3) A copy of this order shall be served with the amended complaint on the one new defendant: Terry Sutter. The clerk of the court shall provide copies of this order to the U.S. Marshals Office for service upon Defendant Terry Sutter.  Defense counsel must inform the court within thirty (30) days whether counsel will be representing Defendant Sutter.

4) The defendants shall file an answer to the amended complaint within thirty (30) days.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

5) The court will abide by the following scheduling deadlines: 1) all discovery must be completed on or before August 31, 2007 and 2) any dispositive motions must be filed on or before September 28, 2007.

Enter this 3rd day of April, 2007.

                                        s\Harold A. Baker
                              _____
                                    HAROLD A. BAKER
                             UNITED STATES DISTRICT JUDGE